**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TOUCHTUNES MUSIC COMPANY, LLC, a limited liability company, <br><br> Defendant. | Case No. 1:26-cv-03015 <br><br> **COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. The FTC brings this action for Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), 15 U.S.C. § 45a ("Section 45a"), and the Made in USA Labeling Rule (the "MUSA Labeling Rule"), 16 C.F.R. Part 323, in connection with the labeling and advertising of dartboard systems containing significant imported content as "Made in USA." For these violations, the FTC seeks relief, including a permanent injunction, monetary relief, and other relief, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b, and the MUSA Labeling Rule, 16 C.F.R. Part 323.

**SUMMARY OF THE CASE**

2. TouchTunes produces and sells entertainment systems for homes, bars, and restaurants. This includes the Arachnid 360 electronic dartboards, which have features such as camera-based recording of dart throws, automatic scoring, payment features, and flatscreen monitors to display scores and play games.

1

3.    TouchTunes sells Arachnid 360 dartboard machines by referencing these features, touting its "Large 24' Monitor," "Enhanced Player Camera," "Automatic Target Play," "Live Remote Play," and "standard & Remote Leagues."

4.    TouchTunes made unqualified, express claims that its Arachnid 360 dartboards are "Made in the USA," "Made in USA," "USA Made," and "Proudly Made in the USA."  It did not qualify or limit that description with reference to imported parts.  TouchTunes made these unqualified "Made in the USA" claims in numerous locations on its website and other marketing materials, including on its online sales checkout pages and print advertising.

5.    But in fact, Arachnid 360 dartboards are not "Made in the USA" under the FTC Act, Section 45a, or the MUSA Labeling Rule.  For example, the MUSA Labeling Rule provides "it is an unfair or deceptive act or practice…to label any product as Made in the United States unless the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced" in the United States.  16 C.F.R. § 323.2.

6.    This prohibition on false or misleading "Made in the USA" labeling also extends to claims on a "seal, mark, tag, or stamp" used in print or electronic sales.  16 C.F.R. §§ 323.1, 323.3.

7.    While final assembly of Arachnid 360 electronic dartboards occurs in the United States, many components – including components essential to the function and operation of the product, such as computer chips, cameras, and flatscreen monitors – are made outside the United States.  TouchTunes nonetheless made false, unqualified "Made in the USA" claims in its print and electronic sales advertisements.  These false claims violated Section 5 of the FTC Act, as well as Section 45a and the MUSA Labeling Rule.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1), (b)(2), (b)(3), (c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

10.     The FTC is an agency of the United States Government created by the FTC Act. 15 U.S.C. §§ 41–58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

11.     The FTC also enforces Section 45a, which states: "[t]o the extent any person introduces, delivers for introduction, sells, advertises, or offers for sale in commerce a product with a 'Made in the U.S.A.' or 'Made in America' label, or the equivalent thereof, in order to represent that such product was in whole or substantial part of domestic origin, such label shall be consistent with decisions and orders of the Federal Trade Commission issued pursuant to section 45 of [Title 15]."  The decisions and orders of the FTC provide, in part, that a representation that a product is made in the United States will not be a violation so long as all, or virtually all, of the component parts of the product are made in the United States and all, or virtually all, of the labor in manufacturing the product is performed in the United States.

12.     The FTC also enforces the MUSA Labeling Rule, 16 C.F.R. Part 323, which prohibits labeling any product with an unqualified "Made in USA" or similar claim unless the final assembly or processing of the products occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States.  16 C.F.R. § 323.2.

## DEFENDANT

13.    Defendant, TouchTunes Music Company, LLC ("TouchTunes"), is a Florida limited liability company with its principal place of business at 730 Third Ave., 21st Floor, New York, New York 10017.

14.    TouchTunes transacts or has transacted business in this District and throughout the United States.  At all times relevant to this Complaint, acting alone or in concert with others, TouchTunes has advertised, marketed, distributed, or sold electronic dart games to consumers throughout the United States.

## COMMERCE

15.    At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

16.    TouchTunes manufactures and sells entertainment systems for homes, bars, and restaurants.

17.    In February 2024, TouchTunes acquired assets and branding from Arachnid 360, LLC related to electronic dartboards and continued marketing and selling Arachnid 360 dartboards, including online.

18.    Arachnid 360 dartboards are electronic dartboards that include computerized tracking of where each dart lands on the board, allowing for automatic electronic scoring and remote games.  TouchTunes advertises these features to prospective customers.

19.    Since this acquisition, TouchTunes has offered two primary dartboard lines under the Arachnid 360 brand: (1) the Spider360, and (2) the Galaxy 3, or G3.  Spider360s are sold directly to consumers, typically for home use, via the company's website, and through third-party resellers.  G3s are sold for commercial use, typically in bars and restaurants.  G3s offer the same dartboard features as Spider360s, but include methods for payment.

4

20.     From February 2024 through at least June 4, 2025, Defendant labeled its Arachnid 360 dartboards in online marketing with unqualified "Made in the USA" representations, including "seal[s], mark[s], tag[s], or stamp[s]" under the MUSA Labeling Rule (collectively "MUSA Labels").

21.     TouchTunes labeled its Arachnid 360 dartboards using seals or stamps with the American flag at the center, encircled by the words "Made in the USA" or "Made in USA," or with comparable labelling.

*See* Exhibits A, B, C, D, and E below (containing the images pictured).

  

*TouchTunes' "Made in the USA" Claims about Spider360 Dartboards*

22.     TouchTunes sells Spider360 dartboards for home use.  From February 8, 2024, through at least June 4, 2025, it advertised and offered the Spider360 with "Made in the USA" labels in its brochure for Spider360 dartboards and other arcade products.  These ads included a link to the Spider360 website and a "sales@spider360.com" email contact, as shown below:

5



Exhibit A

23.    To buy online, customers access a related webpage, spider360.com.  The Spider360 webpages to purchase dartboard products online included the "Made in the USA" label, as well as text stating, "MADE IN THE USA."  These representations were adjacent to the button to begin the checkout process.

6



Exhibit B

*TouchTunes' "Made in the USA" Claims about G3 Electronic Dartboards*

24.    TouchTunes has advertised the G3 electronic dartboard with prominent stylized "Made in USA" seals, such as the circular logos at the top of the page and within the "Cold as Ice" image below:

7



Exhibit C

25.     In addition to MUSA labeling and advertising claims on Defendant's website, the company made prominent, unqualified "Made in the USA" advertising claims about its G3 in print ads, like the one below published in a 2025 issue of *RePlay Magazine*, pictured below.



Exhibit D

26.    In addition, the Arachnid 360 website landing page included a header with a "Made in USA" seal and a footer with the statement, "PROUDLY MADE IN THE USA," next to a map of the United States.

9



Exhibit E

*TouchTunes Labeled its Products with False "Made in the USA" Claims*

27.    In numerous instances, including, but not limited to, the promotional materials shown in Exhibits A-E, Defendant included its own contact information, such as phone numbers, a "sales@spider360.com" email, or references to its website, which allowed potential customers to directly purchase materials without examining the actual product purchased.

28.    In numerous instances, including, but not limited to, the promotional materials referenced in Paragraphs 22-26, Defendant has represented, expressly or by implication, that its electronic dartboard products are all or virtually all made in the United States.

29.    In fact, all Arachnid 360 electronic dartboard products incorporate imported electronics and other components.  For example, Arachnid 360 electronic dartboards include

10

computer chips, cameras, and monitors that were manufactured outside of the United States, including in China, Taiwan, the United Kingdom, and South Korea.

30.     These components provide essential functions for Arachnid 360 electronic dartboards, such as processing and displaying information, displaying graphics for scorekeeping, and recording dart throws.

31.     Arachnid 360 dartboards contain more than a negligible or de minimis level of foreign content.  TouchTunes' express or implied representations that its dartboards are all or virtually all made in the United States are therefore false or misleading.

## VIOLATIONS OF THE FTC ACT

32.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

33.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I: Section 5(a) Violation

34.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of goods—namely, electronic dartboards—Defendant has represented, directly or indirectly, expressly or by implication, that its goods are all or virtually all made in the United States.

35.     In truth and in fact, in numerous instances in which Defendant has made the representations set forth in Paragraph 34, Defendant's goods were not all or virtually all made in the United States because they included significant imported components.

36.     Whether Defendant's goods were made all or virtually all in the United States is material to consumers when deciding whether to purchase electronic dartboards.

37.     Therefore, Defendant's representations as set forth in Paragraph 34 are false or misleading, or were not substantiated at the time the representations were made, and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**VIOLATIONS OF SECTION 45a**

38.      15 U.S.C. § 45a states that "To the extent any person introduces, delivers for introduction, sells, advertises, or offers for sale in commerce a product with a 'Made in the U.S.A.' or 'Made in America' label, or the equivalent thereof, in order to represent that such product was in whole or substantial part of domestic origin, such label shall be consistent with decisions and orders of the Federal Trade Commission issued pursuant to section 45 of [Title 15, *i.e.*, 15 U.S.C. § 45]."

39.      The decisions and orders of the FTC issued pursuant to 15 U.S.C. § 45 provide that "Made in the United States" means any representation, express or implied, that a product or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such product or service is "made," "manufactured," "built," "produced," or "crafted" in the United States or in America, or any other U.S.-origin claim.  Further, those decisions and orders provide that in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product or service, a seller must not make any representation, expressly or by implication, that their product is Made in the United States unless:

   a. The final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; or

   b. A clear and conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients or components, and/or processing; or

   c. For a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's principal assembly takes place in the United States, and United States assembly operations are substantial.

40. Recent decisions and orders including the definition in Paragraph 39, *supra*, include *In the Matter of ExotoUSA LLC*, FTC Docket No. C-4800, Decision and Order at 3-4 (Jan. 10, 2024); *In the Matter of Chaucer Accessories, Inc.*, FTC Docket No. C-4797, Decision and Order at 4 (Aug. 22, 2023); *In the Matter of Cycra Inc.*, FTC Docket No. C-4794, Decision and Order at 3-4 (May 30, 2023); *In the Matter of Instant Brands LLC*, FTC Docket No. C-4788, Decision and Order at 3 (March 1, 2023); *In the Matter of Electrowarmth Products, LLC*, FTC Docket No. C-4779, Decision and Order at 3-4 (Oct. 25, 2022); *In the Matter of Lions Not Sheep Apparel, LLC*, FTC Docket No. C- 4772, Decision and Order at 4 (July 28, 2022); *In the Matter of Resident Home LLC*, FTC Docket No. C-4767, Decision and Order at 3-4 (June 21, 2022); *In the Matter of Gennex Media LLC*, FTC Docket No. C-4741, Decision and Order at 4 (Apr. 9, 2021); *In the Matter of Chemence, Inc.*, FTC Docket No. C-4738, Decision and Order at 3-4 (Feb. 9, 2021); *In the Matter of Williams-Sonoma, Inc.*, FTC Docket No. C-4724, Decision and Order at 3 (July 13, 2020); *In the Matter of Sandpiper of California, Inc.*, FTC Docket No. C-4675, Decision and Order at 3 (Apr. 16, 2019); *In the Matter of Underground Sports Inc.*, FTC Docket No. C-4674, Decision and Order at 4 (Apr. 16, 2019); *In the Matter of Nectar Brand LLC*, FTC Docket No. C-4656, Decision and Order at 3 (Aug. 28, 2018); *see also FTC v. Cardiff*, 5:18-cv-02104, Dkt. 706, Final Order at 19 (C.D. Cal. Mar. 1, 2022).

## Count II: Section 45a Violation

41. In numerous instances since 2024, Defendant has introduced, delivered for introduction, sold, advertised, or offered for sale in commerce products—namely, electronic dartboards—with "Made in the U.S.A." or "Made in America" labels, or the equivalents thereof, in order to represent that such products were in whole, virtually all, or substantial part of domestic origin.

42. In truth and in fact, in numerous instances in which Defendant has taken the actions and made the representations as set forth in Paragraph 41, Defendant's goods were not in whole, virtually all, or substantial part of domestic origin because they included significant

imported components and thus were also not consistent with decisions and orders of the Federal Trade Commission.

43.     Therefore, Defendants' representations set forth in Paragraph 41 violate Section 45a, 15 U.S.C. § 45a.

## VIOLATIONS OF THE MUSA LABELING RULE

44.     Effective August 13, 2021, the Made in USA Labeling Rule, 16 C.F.R. Part 323 ("MUSA Labeling Rule"), prohibits marketers from labeling products as "Made in the United States" unless: (1) "the final assembly or processing of the product occurs in the United States;" (2) "all significant processing that goes into the product occurs in the United States;" and (3) "all or virtually all ingredients or components of the product are made and sourced in the United States." 16 C.F.R. § 323.2.

45.     The MUSA Labeling Rule also provides, to the extent any mail order catalog or mail order promotional material includes a seal, mark, tag, or stamp labeling a product "Made in the United States," such label must comply with the requirements of 16 C.F.R. § 323.2.  16 C.F.R. § 323.3.

46.     For purposes of the MUSA Labeling Rule, a "mail order catalog" and "mail order promotional material" are defined to include materials "disseminated in print or by electronic means, and that solicit the purchase of such product or service by mail, telephone, electronic mail, or some other method without examining the actual product purchased."  16 C.F.R. § 323.1(b).

47.     For purposes of the MUSA Labeling Rule, "Made in the United States" is defined as "any unqualified representation, express or implied, that a product or service, or a specified component thereof, is of U.S. origin, including, but not limited to, a representation that such product or service is 'made,' 'manufactured,' 'built,' 'produced,' 'created,' or 'crafted' in the United States or in America, or any other unqualified U.S.-origin claim."  16 C.F.R. § 323.1(a).

14

48.     A violation of the MUSA Labeling Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).  15 U.S.C. § 57a(d)(3) and 16 C.F.R. § 323.4.

<strong>Count III: MUSA Labeling Rule Violations</strong>

49.     Between February 2024 and June 2025 (the "Violation Period"), Defendant placed seals, marks, tags, or stamps making unqualified Made in the United States claims on mail order promotional material for dartboards that contained significant imported components.

50.     During the Violation Period, Defendant placed seals, marks, tags, or stamps making unqualified Made in the United States claims in electronic and print media used in the direct sale or direct offering for sale of dartboards to consumers by mail, telephone, electronic mail, or some other method without examining the actual product purchased.

51.     Defendant applied the labels described in Paragraphs 49-50 to marketing material for products containing ingredients or components that were not "all or virtually all . . . made and sourced in the United States."  16 C.F.R. § 323.2.

52.     Defendant's practices as alleged in Paragraphs 49-50 violate the MUSA Labeling Rule, 16 C.F.R. §§ 323.2, 323.3, and therefore constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

<strong>ONGOING CONDUCT</strong>

53.     Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission because, among other things, Defendant engaged in its unlawful acts and practices repeatedly, continued practices that were in place from before its acquisition of Arachnid 360 and related assets in 2024, and Defendant only ceased its unlawful activities after learning of the FTC's investigation into its unlawful conduct.

15

## CONSUMER INJURY

54.     Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act, Section 45a, and the MUSA Labeling Rule and absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## PRAYER FOR RELIEF

Wherefore, the FTC requests that the Court:

A.     Enter a permanent injunction to prevent future violations of the FTC Act, Section 45a, and the MUSA Labeling Rule by Defendant;

B.     Award monetary and other relief within the Court's power to grant;

C.     Award any additional relief as the Court determines just and proper.

Respectfully submitted,

Dated:     April 14, 2026

Taylor H. Bates
Jonathan W. Ware
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Phone: (202) 326-2765 (Bates)
             (202) 326-2726 (Ware)
Email:  tbates@ftc.gov
             jware1@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

16