**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. 1:26-cv-03015 |
| v. | **STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |
| TOUCHTUNES MUSIC COMPANY, LLC, a limited liability company, | |
| Defendant. | |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b. Defendant has waived service of the summons and the Complaint.  The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, And Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), as well as 15 U.S.C. § 45a and the Made in USA Labeling Rule, 16 C.F.R. Part 323, in connection with the labeling and advertising of certain electronic dartboard systems containing significant imported content as "Made in USA."

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.  **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by reasonable consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be

delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. On a product label, the disclosure must be presented on the principal display panel.

6. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

7. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

8. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

9. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "reasonable consumers" includes reasonable members of that group.

B. **"Defendant"** means TouchTunes Music Company, LLC and its successors and assigns.

C. **"Made in the United States"** means any representation, express or implied, that a product or service, or a specified component thereof, is of U.S.-origin, including, but not limited to, a representation that such product or service is "made," "manufactured," "built," "produced," or "crafted" in the United States or in America, or any other U.S.-origin claim.

**ORDER**

## I.    PROHIBITION AGAINST MISREPRESENTATIONS REGARDING U.S. ORIGIN CLAIMS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from representing or assisting others in representing, expressly or by implication, that a good or service is Made in the United States unless:

A.    The final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States; or

B.    A Clear and Conspicuous qualification appears immediately adjacent to the representation that accurately conveys the extent to which the product contains foreign parts, ingredients or components, and/or processing; or

C.    For a claim that a product is assembled in the United States, the product is last substantially transformed in the United States, the product's principal assembly takes place in the United States, and United States assembly operations are substantial.

## II.    PROHIBITION AGAINST MISLEADING OR UNSUBSTANTIATED COUNTRY-OF-ORIGIN REPRESENTATIONS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from making any representation, expressly or by implication, regarding the country of origin of any

4

product or service unless the representation is non-misleading, including that, at the time such representation is made, Defendant possesses and relies upon a reasonable basis for the representation.

### III.   JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of $625,000 is entered in favor of the Commission against Defendant, as monetary relief.

B.      Defendant is ordered to pay to the Commission, by making payment to the Treasurer of the United States, $625,000, which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

### IV.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      Defendant acknowledges that its Taxpayer Identification Number, which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

D.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.      CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant must provide sufficient customer information within its possession, custody or control, including sufficient identification of all resellers, to enable the Commission to efficiently administer consumer redress to purchasers of products labeled, advertised, or sold as Made in the United States between February 8, 2024 and June 4, 2025. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission representative, within 14 days.

## VI.    NOTICE TO CUSTOMERS

IT IS FURTHER ORDERED that Defendant must notify customers and the Commission as follows:

A.    Defendant must identify all customers who purchased from Defendant any "Arachnid 360," "Galaxy 3," "G3" or "Spider360" product between February 8, 2024 and June 4, 2025 ("Affected Customers").

1.    Such Affected Customers, and their contact information, must be identified to the extent such information is in Defendant's possession, custody, or control;

2.    Affected Customers include those identified at any time, including after Defendant's execution of the Agreement through the eligibility period, which runs for 1 year after the date the Order was entered.

B.    Defendant must notify all identified Affected Customers, via electronic mail or First-Class postage pre-paid mail, by sending each a notice in the form shown in Attachment A. The email or mailing containing the notice may contain a copy of this Order, but no other document or enclosures.

C.    Defendant must notify all Affected Customers within 60 days after the date the Order was entered, and any Affected Customers identified thereafter within 30 days of their identification.

D.    Defendant must report on its notification program under penalty of perjury:

1.    Defendant must submit a report within 90 days of entry of this Order and at the conclusion of the program summarizing its compliance to date.

2.     If a representative of the Commission requests any information in writing regarding the program, including any of the underlying Affected Customer data, Defendant must submit it within 14 days of the request.

## VII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.     Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; and (2) all employees having managerial responsibilities for country-of-origin claims, and all agents and representatives who participate in country-of-origin claims. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days of their receipt, a signed and dated acknowledgment of receipt of this Order.

## VIII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.     One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

1.   identify the primary physical, postal, and email address and telephone number, as

designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2.  identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and websites;

3.  describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and any country-of-origin claims made in marketing;

4.  describe in detail whether and how Defendant is in compliance with each Section of this Order; and

5.  provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For 7 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    any designated point of contact; or

2.    the corporate structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under

9

penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. TouchTunes Music Company, LLC, x2523159.

## IX.      RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 7 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant, for any business that such Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.      A copy of each unique advertisement, label, or other marketing material that includes any express or implied Made in the United States claim.

## X.      COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, the Commission are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing through their representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI.     RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 15th day of _____April_____, 2026.

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:** FEDERAL TRADE COMMISSION

Date:    April 14, 2026

Taylor H. Bates
Jonathan W. Ware
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 326-2765; tbates@ftc.gov
(202) 326-2726; jware1@ftc.gov

**FOR DEFENDANT:** TOUCHTUNES MUSIC COMPANY, LLC

*/s/ Garrett David Kennedy*

Date:    March 27, 2026

Garrett David Kennedy
DLA Piper LLP
1251 Avenue of the Americas, Fl. 27
New York, New York 10020
(215) 335-4708
garrett.kennedy@us.dlapiper.com

Brian J. Boyle (*pro hac vice* forthcoming)
DLA Piper LLP
500 8th St NW
Washington, DC 20004
(215) 656-2450
brian.boyle@us.dlapiper.com

Date:    March 27, 2026

Amy L. Tenbrink
General Counsel
TouchTunes Music Company, LLC
730 Third Avenue, 21st Floor
New York City, New York 10017
(646) 671-2650
atenbrink@touchtunes.com

14

**Attachment A: Notice to Customers**

The notification email or letter must be in the following form, from an authorized TouchTunes Music Company, LLC email address or on TouchTunes Music Company, LLC letterhead, and containing a TouchTunes Music Company, LLC signature line with the sender's email address and mailing address:

Subject:  Settlement of FTC Deceptive Made in the USA Advertising and Labeling Case

Dear  <u>\<Name of customer\></u>:

Our records show that you bought a dartboard from TouchTunes Music Company, LLC, that we labeled or advertised as "Made in the USA."  We're writing to tell you that the Federal Trade Commission, the nation's consumer protection agency, has sued us for deceptive and false labeling and advertising.  According to the FTC, our claim that your dartboard was "Made in USA" was misleading.

To settle the FTC's lawsuit, we're notifying you that the FTC alleges that the dartboard you bought was not all or virtually all "Made in the USA" and our dartboards contain imported computer chips, cameras, monitors, and other components.

If you have questions about this lawsuit, visit <u>[get short URL]</u>.  For more information about "Made in the USA" advertising and labeling, visit <u>[get short URL]</u>.

Sincerely,

[<u>signature</u>]

[TouchTunes Music Company, LLC signature block]

15